Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL VIII

| GILBERTO TORRES ALEJANDRO, et als<br><br>Recurrente<br><br>v.<br><br>MUNICIPIO AUTÓNOMO DE CAROLINA, DEPARTAMENTO DE PERMISOS URBANÍSTICOS (OMPU), P/C CARLOS X. RODRÍGUEZ RÍOS; JOSÉ DE LA ROSA GUZMÁN; FÉLIX GARCÍA CORREA; ZOILO LÓPEZ NIEVES; EDGARDO RODRÍGUEZ LÓPEZ; SHEIDA SOSA RODRÍGUEZ<br><br>Recurridos | TA2026RA00125 | REVISIÓN JUDICIAL Procedente del Municipio Autónomo de Carolina, Departamento de Asuntos Urbanísticos (OMPU), Oficina de Permisos Especiales Caso Núm.: 2021-377847-PCOC-017275<br><br>Sobre: Acciones Ultra Vires, Legitimación Activa, Construcción sin Permiso |

Panel integrado por su presidenta, la jueza Lebrón Nieves, el juez Pagán Ocasio y la jueza Álvarez Esnard

Álvarez Esnard, jueza ponente

## SENTENCIA

En San Juan, Puerto Rico, a 30 de junio de 2026.

Comparece ante nos la Parte Recurrente de epígrafe mediante escrito intitulado *Revisión Judicial* presentado el 21 de marzo de 2026. Nos solicita la revocación de la *Resolución Aclarando Particulares* notificada el 18 de febrero de 2026, y la *Orden* notificada el 27 de febrero de 2026 por el Departamento de Permisos Urbanísticos del Gobierno Municipal de Carolina ("Departamento de Permisos" o "OMPU"). Por virtud del primer dictamen, el Departamento de Permisos aclaró que, por error involuntario, concedió el *Permiso de Construcción* 2021-377847-PCOC-017275, expedido el 14 de abril de 2025, por lo que, indicó que procede su anulación. En la segunda determinación, ordenó la demolición de las estructuras de gimnasio, pared de *handball*, pérgola, y rampa de acceso ilegalmente construidas en la propiedad perteneciente a la

Asociación de Residentes de la Urbanización Ciudad Jardín en Carolina ("Asociación de Residentes").

Por los fundamentos que expondremos a continuación, **desestimamos** el recurso de epígrafe por ausencia de jurisdicción.

## I.

Surge del expediente ante nos que, 14 de abril de 2025, la OMPU expidió *Permiso de Construcción* 2021-377847-PCOC-017275 para el desarrollo de espacios recreativos en la Urbanización Ciudad Jardín de Carolina (área sur).[1] No obstante, el Departamento de Permisos dictó y notificó *Resolución de Denegación* el 30 de julio de 2025, en la cual resolvió que la parte promovente de la solicitud del permiso de construcción no cumplió con el requisito de legitimación activa.[2] Razonó que cuando se trate de más de un propietario se someterá evidencia de que todos autorizan la acción propuesta. Incumplida dicha exigencia, denegó la solicitud del referido permiso.

Con posterioridad, la OMPU emitió y notificó *Resolución Aclarando Particulares* el 18 de febrero de 2026, mediante la cual brindó el siguiente pronunciamiento a modo explicativo:

> Debido a que, por error voluntario, el Departamento de Asuntos Urbanísticos del Municipio Autónomo de Carolina oprimió el botón de "Aprobación" al trámite de referencia el 14 de abril de 2025 el mismo día se revirtió el [sic] "Aprobación" mediante el mecanismo de "Reinicio" y esto se documentó en la solicitud digital con la inclusión de notas de observación en el trámite para que [sic] continuar el curso de evaluación. Posterior a esto, el pasado 30 de julio de 2025 se emite Resolución de Denegación por falta presentación de documentación que evidencia legitimación activa. Se les notifica a las partes con interés mediante correo certificado y electrónica.[3]

En vista de tales circunstancias, el Departamento de Permisos dictó y notificó *Orden* el 27 de febrero de 2026, en la cual decretó lo siguiente:

> Junta de Directores de la ARCJC se le otorgan 30 días para que remueva toda estructura relacionada a la controversia del caso ante nos. Se advierte que no debe afectar pecunio

---

[1] *Véase*, SUMAC TA, Entrada 15, Exhibit 3, págs. 1-8.
[2] *Véase*, SUMAC TA, Entrada 17, págs. 1-8.
[3] *Véase*, SUMAC TA, Entrada 15, *Exhibit* 9, pág. 4.

alguno de los residentes de la Urbanización Jardín de Carolina, pues construyeron sin permisos.

Sépase que, de no cumplir con esta Orden, la OMPU podrá acudir al Tribunal con jurisdicción, según establece el Artículo 14 (y cualquier otro aplicable) de la Ley 161 de 2009, del Reglamento Conjunto de Permisos y cualquier otra disposición aplicable y así hacer valer la Orden aquí escrita.[4]

Inconforme, el 21 de marzo de 2026, la Parte Recurrente radicó ante este Tribunal de Apelaciones el escrito intitulado *Revisión Judicial,* en el cual esbozó los siguientes señalamientos de error:

A. PRIMER SEÑALAMIENTO DE ERROR: Alegan los recurrentes que erró la Honorable OMPU de Carolina al determinar revocar el permiso de construcción expedido, el 14 de abril de 2025, por alegado error al oprimir un botón equivocado y habiendo perdido jurisdicción por haber transcurrido y vencido los términos para su impugnación. Cuya determinación advino en final y firme al momento de su revocación.

B. SEGUNDO SEÑALAMIENTO DE ERROR: Alegan los recurrentes que erró la Honorable OMPU de Carolina al determinar la revocación del permiso de construcción sin la celebración de vista previa, menoscabando su derecho a confrontarse con la prueba de la agencia recurrida, aportar prueba a su favor y demás derechos en violación a un debido proceso de ley a tono con la Constitución de Puerto Rico y de los Estados Unidos de América y la LPAU.

C. TERCER SEÑALAMIENTO DE ERROR: Alegan los recurrentes que erró la Honorable OMPU de Carolina al determinar la demolición de las obras, a pesar de que la denegatoria del permiso no se basó en ilegalidad de las obras, sino en un defecto procesal subsanable. La decisión en revisión administrativa de OGPe denegando el permiso de legalización no evaluó el mérito del proyecto, ni concluyó que las obras violaran el Código de Construcción, el Reglamento Conjunto o la zonificación aplicable. La única razón de la denegatoria fue falta de legitimación activa del solicitante, lo cual constituye un defecto puramente procesal, no sustantivo.

En igual fecha, la Parte Recurrente presentó *Moción en Solicitud de Auxilio Jurisdicción,* en la cual peticionó que paralizáramos la demolición ordenada por la OMPU.

Luego, el 24 de marzo de 2026, sometió *Solicitud de Revocación de la Resolución y Orden Recurrida por Defecto de Nulidad y/o Moción en Auxilio de Jurisdicción.* **En esencia, argumentó que los dictámenes recurridos no contienen las**

---

[4] *Véase*, SUMAC TA, Entrada 15, *Exhibit* 10, págs. 3-4.

**advertencias legales requeridas en lo concerniente a su notificación. Por ende, desconoce cuál es el trámite que debe seguir para impugnar las referidas decisiones.**

En igual fecha, este Foro Intermedio dictó *Resolución* en la cual declaramos *Ha Lugar* la *Moción de Auxilio de Jurisdicción.* A su vez, concedimos a la Parte Recurrida un término a vencer el 22 de abril de 2026 para presentar su alegato en oposición al recurso presentado.

Continuados los procedimientos, el 8 de abril de 2026, José De la Rosa Guzmán, señor Félix García Correa, Zoilo López Nieves, y Edgardo Rodríguez López, quienes se denominaron parte interventora, radicaron *Oposición a Recurso de Revisión Administrativa por Falta de Jurisdicción.*[5] En síntesis, alegaron que la Parte Recurrente presentó tardíamente el escrito apelativo, pues la determinación impugnada corresponde a la decisión emitida 30 de julio de 2025 que denegó la solicitud de legalización de obras presentada por la Parte Recurrente. Puntualizaron que dicho dictamen es final y firme. Sostienen que la determinación notificada el 18 de febrero de 2026 solo tuvo el efecto de aclarar unos asuntos particulares referentes al error involuntario cometido en torno a la expedición del permiso concedido.

Así alegado, el 10 de abril de 2026, esta Curia emitió *Resolución,* en la cual ordenó a la Parte Recurrente a exponer su posición al respecto dentro del término de tres (3) días a partir de la notificación de este dictamen.

En cumplimiento, el 15 de abril de 2025, la Parte Recurrente presentó *Réplica al Alegato de Parte Interventora.*[6] En esta, argumentó que la *Resolución Aclarando Particulares* es revisable, pues revoca un permiso que previamente era final y firme,

---

[5] *Véase,* SUMAC TA, Entrada 17.
[6] *Véase,* SUMAC TA, Entrada 19.

respaldado en evidencia sustancial obrante en el expediente. **Por otro lado, reitera que "[l]a defectuosa notificación de la *Resolución*, revocando el permiso de construcción, adolece de la omisión de las advertencias legales aplicables", lo cual impide que los términos para solicitar empiecen a decursar.[7]** (Énfasis nuestro). No obstante, solicitó que se declare *Con Lugar* la revisión judicial instada, y se deje sin efecto la *Resolución Aclarando Particulares,* la cual anuló el permiso concedido.[8]

De manera similar, el 15 de abril de 2026, la Asociación de Residentes sometió *Moción en Cumplimiento de Orden Notificada el 10 de Abril De 2026*.[9] **En suma, alegó que las determinaciones emitidas por la OMPU son nulas, toda vez que se dictaron en ausencia de jurisdicción y en violación del debido proceso de ley. A su vez, arguyó que el Departamento de Permisos tampoco incluyó los apercibimientos legales para solicitar reconsideración o revisión judicial.**

Con el beneficio de la comparecencia de las partes, procedemos a exponer el marco jurídico pertinente a la controversia ante nuestra consideración.

## II.
### A. *Jurisdicción*

Es norma reiterada que, "la jurisdicción es el poder o la autoridad que posee un tribunal o un organismo administrativo para considerar y decidir casos o controversias con efecto vinculante para las partes". *Muñoz Barrientos v. ELA et al.*, 212 DPR 714, 726 (2023); *Adm. Terrenos v. Ponce Bayland*, 207 DPR 586, 600 (2021). Véase, también, *Mun. Río Grande v. Adq. Finca et al.*, 2025 TSPR 36, 215 DPR __ (2025). Por su transcendencia, el primer factor a considerar en toda situación jurídica que se presente ante un foro

---

[7] *Véase*, SUMAC TA, Entrada 19, pág. 5.
[8] *Véase,* SUMAC TA, Entrada 19, pág. 12.
[9] *Véase*, SUMAC TA, Entrada 20.

adjudicativo es el aspecto jurisdiccional. *Friger Salgueiro v. Mech-Tech College, LLC y otros*, 2026 TSPR 30, 218 DPR ___ (2026); *FCPR v. ELA et al.*, 211 DPR 521, 30 (2023).

En ese sentido, "[l]os asuntos relacionados con la jurisdicción de un tribunal son privilegiados y deben atenderse con preeminencia". *Pérez Rodríguez v. López Rodríguez et al.*, 210 DPR 163, 178, (2022); *Allied Mgmt. Group. v. Oriental Bank*, 204 DPR 374, 386 (2020). Ello, pues, de dictarse sentencia sin ostentar jurisdicción, entonces el decreto será nulo, es decir, jurídicamente inexistente o *ultravires. Rodríguez Vázquez v. Hosp. Auxilio Mutuo*, 2025 TSPR 55, 215 DPR ___ (2025); *Maldonado v. Junta de Planificación*, 171 DPR 46, 55 (2007). En esa línea, "**un recurso prematuro, al igual que uno tardío, sencillamente adolece del grave e insubsanable defecto de privar de jurisdicción al tribunal al cual se recurre**". *In re Laboy Hernández*, 209 DPR 1067, 299 (2022); *S.L.G. Szendrey-Ramos v. F. Castillo*, 169 DPR 873, 883 (2007). (Énfasis nuestro). Por tanto, "[s]i un tribunal carece de jurisdicción, solo resta así declararlo y desestimar la reclamación sin entrar en los méritos de la controversia". *Friger Salgueiro v. Mech-Tech College, LLC y otros, supra; FCPR v. ELA et al., supra*, pág. 530.

### B. Notificación ante la OMPU[10]

En lo pertinente al recurso de epígrafe, el Artículo 6.018 del Código Municipal de Puerto Rico, Ley Núm. 107-2020, 21 LPRA sec. 7868, según enmendada, preceptúa la normativa general referente a la notificación de las determinaciones emitidas por los gobiernos municipales:

> <u>**Toda notificación**</u> **de decisiones cuya facultad de evaluación se haya transferido** <u>**a un municipio**</u>**, se**

---

[10] Adelantamos que no haremos referencia a la Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico, Ley Núm. 38-2017, según enmendada, pues en su Sección 1.03(5) excluye a los gobiernos municipales del concepto agencia. 3 LPRA sec. 9603. A su vez, la Sección 1.4 de la referida legislación dispone que "[e]sta Ley se aplicará a todos los procedimientos administrativos conducidos ante todas las agencias que no están expresamente exceptuados por el mismo". 3 LPRA sec. 9604.

**realizará en estricta conformidad con lo dispuesto en el Reglamento Conjunto y la Ley de Reforma de Permisos, Ley 161-2009 según enmendada.** (Énfasis nuestro y citas omitidas).

Cónsono con lo anterior, el Artículo 8.8 de la Ley para la Reforma del Proceso de Permisos de Puerto Rico ("Ley de Permisos"), Ley Núm. 161-2009, contempla el derecho de la notificación de las decisiones emitidas por los Municipios Autónomos con Jerarquía de la I a la V, según se esboza a continuación:

> **La Oficina de Gerencia de Permisos, los Municipios Autónomos con Jerarquía de la I a la V**[11] **y los Profesionales Autorizados notificarán copia de toda determinación final, en cumplimiento con los reglamentos aplicables. Además, notificarán copia de dicha determinación y de los permisos a la Oficina de Gerencia de Permisos y a las entidades gubernamentales concernidas, según aplique, dentro del término de dos (2) días laborables a partir de su expedición. La fecha de esta notificación, en aquellos casos en que aplique, deberá aparecer certificada en el texto de la determinación final y será considerada como la fecha de archivo en autos de la determinación final de que se trate, para propósitos de revisión**. (Énfasis nuestro).

En armonía con lo discutido, la Regla 2.1.7, incisos (a), (b) y (c), del Reglamento Conjunto para la Evaluación y Expedición de Permisos Relacionados al Desarrollo, Uso de Terrenos y Operación de Negocios, Reglamento Núm. 9473 de 16 de junio de 2023

---

[11] La precitada legislación establece lo siguiente respecto a estas jerarquías municipales:

> **51) "Municipio Autónomo con Jerarquía de la I a la V" —** Municipio al cual la Junta de Planificación le haya transferido de manera parcial o total, mediante un convenio de delegación, determinadas competencias y jerarquías sobre la ordenación territorial. 23 LPRA sec. 9011.

**De acuerdo con el Código Municipal, los Municipios con Jerarquía III, como lo es Carolina, ostentan las siguientes facultades**:

> (i) Transferencia de otras facultades de la Oficina de Gerencia de Permisos y de la Junta de Planificación, incluyendo las variaciones de uso y variaciones de intensidad en construcción o uso, los sistemas industrializados de construcción de impacto subregional, las consultas de ubicación, las enmiendas a los planos de ordenación para solares con cabidas mayores de dos mil (2,000) metros cuadrados y todos los permisos para la instalación, ubicación y exhibición de rótulos y anuncios, exceptuando los relacionados a vías que pertenecen o reciben fondos del National Highway System, las antenas de comunicación, los reservados en el convenio, y los que se mencionan más adelante. 21 LPRA sec. 7865.

("Reglamento Conjunto")[12] reconoce el derecho a la notificación de la siguiente manera:

    a. **Todas las notificaciones que sean requeridas en este Reglamento deberán realizarse mediante correo electrónico, excepto en aquellos casos en que la persona a ser notificada no cuente con una dirección de correo electrónico registrada en el sistema, en cuyo caso se notificará mediante correo ordinario o presencial como método alterno.**

    b. **Aplicará a la JP, la Junta Adjudicativa de la OGPe, los Municipios Autónomos con Jerarquía de la I a la III o la División de Revisiones Administrativas de la OGPe.**

    c. **Las órdenes o resoluciones que surjan de procedimientos adjudicativos podrán usar medios de correspondencia electrónica, en sustitución o como complemento al correo ordinario, durante cualquier parte del procedimiento adjudicativo**, <u>**salvaguardando en todo momento el derecho a notificación oportuna de los cargos o querellas, reclamos o alegaciones de las partes.**</u> (Énfasis nuestro).

En aras de viabilizar esta política pública, el Municipio Autónomo de Carolina adoptó el Reglamento de Procedimientos Adjudicativos del Gobierno Municipal Autónomo de Carolina para la Ordenación Territorial del Departamento de Permisos Urbanísticos y el Departamento de Planificación, Ordenanza Núm. 71 del 17 de mayo de 2012 ("Reglamento de la OMPU"). En lo concerniente a este recurso, el precitado cuerpo reglamentario define *Notificación* y *Resolución* de la siguiente manera:

> **108. Notificación - comunicación escrita remitida mediante correo regular, certificado o correo electrónico, emitida por la OMPU, sobre las decisiones cuya facultad de evaluación le ha sido transferida al GMAC. Todo acuerdo que requiera variación en uso o excepción en uso de permisos discrecionales y la evaluación del mismo por el Comité de Permisos, se notificará a través de una resolución de la OMPU donde se establezcan las razones de su decisión. Los permisos ministeriales se notificarán a través de un permiso oficial.**

[…]

> **167. Resolución – documento que contiene la determinación de hechos y la conclusión de derecho aplicable al caso y la decisión adoptada por la OMPU que adjudique una controversia o solicitud ante su consideración, o la orden interlocutoria, parcial o final, o que imponga una penalidad administrativa<u>. Contiene, además, el apercibimiento sobre los derechos procesales</u>**

---

[12] Esta disposición aplica a Municipios con Autónomos con Jerarquías I a la V, Junta de Planificación, Junta Adjudicativa de la OGPe, y la División de Revisiones Administrativas de la OGPe.

> **de reconsideración o revisión, según apliquen a las partes y los términos para ejercerlos.** Reglamento de la OMPU, Tópico II, (108) y (167). (Énfasis nuestro).

Por su parte, la Sección 15.9 del Reglamento de la OMPU establece que la resolución contendrá las advertencias sobre el derecho a solicitar reconsideración o revisión judicial, según se expone a continuación:

> **La determinación final expondrá las determinaciones de hecho y conclusiones de derecho que fundamenten la adjudicación y <u>apercibirá sobre el derecho al recurso de solicitar reconsideración o revisión judicial, según sea el caso y los términos para ejercer los mismos.</u>**
>
> **La orden o resolución final firmada por el Oficial de Permisos o funcionario en quien éste delegue, será archivada en el expediente con copia de la notificación de archivo. Copia de la resolución y la notificación de archivo en el expediente será remitida a las partes por correo, a la brevedad posible.**
>
> **La notificación a las partes podrá realizarse mediante correo regular, correo certificado o correo electrónico, según sea el caso.**
>
> **La fecha de la notificación deberá aparecer certificada en el texto mismo de la determinación final y será considerada como la fecha de archivo en autos.**
>
> **Las determinaciones finales expedidas por la OMPU entrarán en vigor desde la fecha de archivo en autos de la copia de dicha notificación. Si la fecha de archivo en autos de la copia de la notificación de la actuación, determinación final o resolución es distinta a la fecha del depósito en el correo de dicha notificación, el término comenzará a decursar a partir de la fecha del depósito en el correo. Salvo disposición expresa en contrario.** (Énfasis nuestro y citas omitidas).

Nótese que tales exigencias procuran salvaguardar el derecho a presentar reconsideración o recurrir a nivel apelativo mediante la presentación del recurso de revisión judicial, según discutiremos a continuación. Así también se garantiza el derecho a una adecuada notificación, según establecido en el Código Municipal, la Ley de Reformas de Permisos y el Reglamento Conjunto.

### C. Notificación defectuosa

En nuestro estado de derecho vigente, la notificación adecuada garantiza el debido proceso de ley. A la luz de esta normativa, el Tribunal Supremo de Puerto Rico ha reconocido la

importancia de incluir las advertencias de rigor en la notificación de un dictamen, según se explica a continuación:

> **[E]s indispensable que la notificación sea adecuada a todas las partes. La notificación de adjudicación, además, debe advertir del derecho de las partes a procurar la revisión judicial; el término disponible para hacerlo y la fecha del archivo en autos de una copia de la notificación.** *PVH Motor v. ASG*, 209 DPR 122, 132 (2022). *IM Winner, Inc. v. Mun. de Guayanilla*, 151 DPR 30, 35 (2000). (Énfasis nuestro y citas omitidas).

En ese sentido, la notificación tiene que advertir sobre el derecho a solicitar la reconsideración —y el término para así hacerlo— o para instar el recurso de revisión judicial correspondiente. Véase, *AAA v. UIA*, 199 DPR 638, 657-658 (2018). No obstante, la notificación defectuosa priva de jurisdicción al foro revisor para entender el asunto en disputa e impide que comience a transcurrir el término para recurrir a nivel apelativo, lo cual incide en el debido proceso de ley de la parte afectada. *St. James Sec. v. AEE*, 213 DPR 366, 380 (2023); *PVH Motor v. ASG, supra*, pág. 132. En tales circunstancias, el recurso presentado se considera prematuro como resultado del defecto en la notificación. *PR Eco Park et al. v. Mun. de Yauco*, 202 DPR 525, 538 (2019). Ahora bien, la desestimación de un recurso por prematuro le permite a la parte interesada volver a presentarlo, una vez el foro apelado resuelve lo que estaba ante su consideración. *Yumac Home v. Empresas Massó,* 194 DPR 96, 107 (2015).

### III.

Como cuestión umbral, los tribunales estamos llamados a auscultar el alcance de nuestra jurisdicción previo a la atención de los casos en sus méritos. Así nos aseguramos de que ostentamos la autoridad correspondiente para revisar un recuso, y a su vez, evitamos que se emitan dictámenes *ultravires* o inexistentes. Véanse, *Rodríguez Vázquez v. Hosp. Auxilio Mutuo, supra*; *Maldonado v. Junta de Planificación, supra*, pág. 55. En

consideración a esta normativa, evaluamos detenidamente el recurso que nos ocupa. Efectuado dicho examen, colegimos que estamos impedidos de asumir la jurisdicción en este momento. *Veamos.*

En esencia, contemplamos que la notificación de los dictámenes recurridos es defectuosa. Ello, pues, observamos que las decisiones impugnadas carecen de la advertencia legal concerniente al derecho a solicitar reconsideración y el término aplicable para ello. Además, tampoco incluyen la advertencia en torno al derecho a solicitar revisión judicial con su referencia del término aplicable para ejercer tal acción. Tal inadecuado proceder contraviene con la Sección 15.9 del Reglamento de la OMPU, *supra*, cuyo contenido garantiza que las notificaciones de las resoluciones contengan las advertencias de rigor en torno al derecho a presentar reconsideración, así como el derecho a solicitar revisión judicial.

En virtud de lo anterior, concluimos estamos privados de jurisdicción. La notificación defectuosa por parte de la OMPU impide que comience a transcurrir el término para recurrir a nivel apelativo, lo cual, a su vez, incide en el debido proceso de ley que asiste a la Parte Recurrente. Véanse, *St. James Sec. v. AEE, supra*, pág. 380. *PVH Motor v. ASG, supra*, pág. 132. En tales circunstancias, el recurso presentado se considera prematuro como resultado del defecto en la notificación, por lo que, procede su desestimación.

**IV.**

Por los fundamentos que anteceden, ***desestimamos*** el recurso de epígrafe por falta de jurisdicción, toda vez que su presentación es prematura. Por el resultado alcanzado, dejamos sin efecto el auxilio de jurisdicción emitido por esta *Curia* el 24 de marzo de 2026.

Lo acordó y manda el Tribunal, y certifica la Secretaria del Tribunal de Apelaciones.


LCDA. LILIA M. OQUENDO SOLÍS
Secretaria del Tribunal de Apelaciones